GRUNWALDT, Plaintiff, v. STATE HIGHWAY COMMISSION and others, Defendants. [Two appeals.]

*February 10—March 7, 1961.*

For the plaintiff there were briefs by *Fox, Sheets & Kirst* of Milwaukee, and oral argument by *Clyde E. Sheets*.

For the defendant city of Milwaukee there was a brief by *John J. Fleming*, city attorney, and *Ewald L. Moerke, Jr.*, and *Harvey G. Odenbrett*, assistant city attorneys, and oral argument by *Mr. Moerke*.

DIETERICH, J.   The instant action was commenced at the same time that the appeal was taken to the county judge, who under the old law was assigned to act in the capacity of an appraiser.

The record discloses that no complaint has been served by the plaintiff upon the defendants in this action.  Ch. 262, Stats., entitled "Commencing Civil Actions," applicable pri-

or to July 1, 1960, applies for the purpose of having the circuit court for Milwaukee county acquire jurisdiction.[1]

The record further discloses that no written demand has been made upon the plaintiff to serve a complaint. The provisions of sec. 262.05, Stats.,[2] entitled "Demand of Complaint" provides that where the plaintiff exercises his option of not serving a copy of the complaint with the summons, the defendant may within twenty days after the service of the summons demand in writing a copy of the complaint and that when such demand is made such copy shall be served within twenty days.

The first pleading required under our statute is a complaint.[3]

The trial court in its memorandum opinion dismissing the action without prejudice stated as follows:

"Prior to the commencement of the above-entitled action, the state of Wisconsin had taken the property of the plaintiff by operation of law under the provisions of sec. 84.09 (2) by making an award to the respective owners.

"The plaintiff appealed under the provisions of ch. 32 as it existed before the enactment of ch. 639, Laws of 1959. The county judge by a minute order dated February 29, 1960, sent the appeal to the condemnation commissioners.

---

[1] Sec. 262.01 "JURISDICTION, HOW ACQUIRED. A civil action in a court of record shall be commenced by the service of a summons or an original writ. From the time of such service or the issuance of a provisional remedy the court shall have jurisdiction and have control of all subsequent proceedings."

[2] Sec. 262.05 "DEMAND OF COMPLAINT. A copy of the complaint may or may not be served with the summons at the plaintiff's option. If not so served the defendant may, in person or by attorney, within twenty days after the service of the summons demand in writing a copy of the complaint, specifying a place, embracing a post-office address, within the state, where it may be served, and a copy of it shall be served within twenty days thereafter accordingly."

[3] Sec. 263.02 "COMPLAINT. The first pleading on the part of the plaintiff is the complaint."

However, the certification of the appeal has been made by the county court judge to the circuit court. It is now circuit court case No. 288–858 and has been assigned for trial on November 28, 1960.

"Under sec. 32.05 (11) of ch. 639, Laws of 1959, the owner may elect to waive the appeal procedure specified in sub. (9) and instead appeal to the circuit court. The plaintiff has not made a formal election.

"In the action at bar the plaintiff obtained a temporary injunction restraining the defendants from demolishing the building now on plaintiff's premises and from interfering in any other way with the plaintiff's exercise of dominion over the property.

"The matter is now before the court on the following three motions:

"(1) Motion of the plaintiff to continue the temporary injunction pending trial;

"(2) Motion of defendants to dismiss the action for the reason that the plaintiff has elected to follow the statutory procedure for the determination of damages rather than institute a challenge to the entire proceedings;

"(3) Motion of defendants for a writ of assistance.

"With reference to the motions, the court is of the opinion that all questions of title and the amount of just compensation to be paid can be resolved in circuit court case No. 288–858 which has been assigned for trial on November 28, 1960, and that the action now pending before this branch of the court, in which no pleadings have been filed, should be dismissed without prejudice.

"The court is also of the opinion that on the basis of the record in the case at bar the court has no alternative but to deny plaintiff's motion for an injunction *pendente lite*.

"The defendants' motion for a writ of assistance is also denied in view of the court's dismissal of the action without prejudice. The court is satisfied that under the provisions of sec. 32.12 (1), which provides in part:

"'At any stage of such proceedings the court in which they are pending or the judge thereof may authorize such person, if in possession, to continue in possession, and if not in possession to take possession and have and use such

lands during the pendency of such proceedings and may stay all actions or proceedings against such person on account thereof on the paying in court of a sufficient sum or the giving of such securities as such court or judge may direct to pay the compensation therefor when finally ascertained,' the defendants have adequate remedy for gaining possession of the property in question.

"The court being of the above opinion orders the plaintiff's action dismissed without prejudice."

The record of the action pending before Honorable ELMER W. ROLLER is not before this court and under the circumstances this court has no way of determining whether the constitutional grounds and the questions raised concerning invalidity of the procedure used could be determined in the appeal on the question of damages which was certified under the new law and is now pending before Honorable ELMER W. ROLLER of the circuit court for Milwaukee county. The record of the proceedings before the county judge is likewise not before this court.

The plaintiff contends that the provisions of sec. 32.05 (5), Stats., clearly apply and since this provision of the statute places a forty-day limitation on the time for the commencement of the action by way of direct attack, the dismissal by Honorable LEO B. HANLEY of the plaintiff's action, although stated "without prejudice" is in fact with prejudice since the defendants could set up this statutory limitation of forty days, and further contends that because ch. 32, Stats., was repealed and completely re-created by the 1959 legislature, and there are no decisions construing the new provisions of ch. 32, the plaintiff would be precluded from having a trial on the issues involved in the instant case if the new ch. 32 applied.

The plaintiff further contends that under sec. 32.05 (10), Stats., an appeal from the award concerns only the question of title as limited by secs. 32.11 and 32.12, and the amount of

just compensation, and that secs. 32.11 and 32.12 do not include any direct attack upon the legality of the proceedings and the constitutional question such as contemplated in the instant action commenced by the plaintiff.

We are of the opinion that there is considerable merit to the plaintiff's contentions and in view of the defendants' having made no written demand for a complaint, the trial court was premature in ordering the action dismissed without prejudice. The affidavits state sufficient facts to enable the plaintiff to draw some kind of a complaint. It is apparent from the record before us that the plaintiff in this action is confronted with the repeal and re-creation of condemnation laws and procedure under the 1959 legislative acts, and justice requires that the plaintiff be given an opportunity to file a complaint in this action within twenty days after the return of the remittitur. The record shall be returned to the trial court forthwith. The trial court is directed to transfer the action to that branch of the circuit court for Milwaukee county, presided over by the Honorable ELMER W. ROLLER, for consolidation of the actions pursuant to sec. 269.05, Stats.[4]

It necessarily follows that the order of the circuit court dismissing the plaintiff's action without prejudice be reversed, and the cause remanded for further proceedings.

*By the Court.*—Order reversed, cause remanded with instructions that the plaintiff be granted twenty days from the return of the remittitur to file a complaint. The record to be returned forthwith with directions to the trial court to transfer the action to that branch of the circuit court presided over by the Honorable ELMER W. ROLLER.

---

[4] Sec. 269.05 "CONSOLIDATION OF ACTIONS. When two or more actions are pending in the same court, which might have been joined, the court or a judge, on motion, shall, if no sufficient cause be shown to the contrary, consolidate them into one by order."